## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| AMBAC ASSURANCE CORPORATION,<br>One State Street Plaza<br>New York, New York 10004<br><br>   Plaintiff,<br><br>  v.<br><br>FORT LEE COMMONWEALTH<br>COMMUNITIES, a Delaware limited liability<br>company,<br>4401 North Mesa Street<br>El Paso, Texas 79902<br><br>   Defendant. | Civil Division No.: 3:15CV707 |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Fort Lee Commonwealth Communities, a Delaware limited liability company, by and through its undersigned attorneys, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff's Complaint, and states as follows:

1. There is a lack of diversity between the parties as required by 28 U.S.C. 1332(a)(1) and thus this Court is without subject matter jurisdiction over this case.

2. Defendant incorporates by reference as if fully set forth herein accompanying memorandum in support and the exhibits attached hereto.

**WHEREFORE,** Defendant, Fort Lee Commonwealth Communities, a Delaware limited liability company, respectfully requests that Plaintiff's Complaint be dismissed.

DATED: December 22, 2015                                Respectfully submitted,

                                             KIRKLAND & ELLIS LLP

                                             */s/*     *H. Boyd Greene IV*

H. Boyd Greene IV (Fed. Bar. No. 72986)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Jeffrey L. Willian, P.C. (*pro hac vice* application forthcoming)
Donna M. Welch, P.C. (*pro hac vice* application forthcoming)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| AMBAC ASSURANCE CORPORATION,<br>One State Street Plaza<br>New York, New York 10004<br><br>   Plaintiff,<br><br>  v.<br><br>FORT LEE COMMONWEALTH<br>COMMUNITIES, a Delaware limited liability<br>company,<br>4401 North Mesa Street<br>El Paso, Texas 79902<br><br>   Defendant. | Civil Division No.: 3:15CV707 |

**MEMORANDUM IN SUPPORT DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Fort Lee Commonwealth Communities, LLC ("Fort Lee Communities") moves to dismiss Plaintiff Ambac Assurance Corporation's ("Ambac") Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Ambac has asserted diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as the sole basis for the Court's subject matter jurisdiction over this action, asserting that "the parties are citizens of different states." (Compl. at ¶ 12.) That is incorrect. As the Operating Agreement for Fort Lee Commonwealth Communities, LLC clearly states, Fort Lee is a limited liability company in which *the United States Army is one of its members*. (Ex. 1, 11/9/2006 Fort Lee Communities, LLC Op. Ag. at § 4.01 (noting 49% membership interest held by the Secretary of the Army).) For purposes of diversity jurisdiction and determining the "citizenship" of an LLC, the Army is not a resident or citizen of any state. *See Jackson v. Lennar Corp.*, No. C 07-04135 WHA, 2008

WL 111235, at *2 (N.D. Cal. Jan. 9, 2008) ("[T]he United States Navy is not a citizen of any state for diversity purposes[.]"); *Jizmerjian v. Dep't of Air Force*, 457 F. Supp. 820, 822 (D.S.C. 1978) *aff'd sub nom. Jizmejian v. Dep't of Air Force*, 607 F.2d 1001 (4th Cir. 1979) (finding no basis for diversity jurisdiction in suit against the Air Force). This lack of citizenship or "statelessness" means diversity jurisdiction does not exist. Accordingly, this Court lacks subject matter jurisdiction over the action, and Ambac's Complaint must be dismissed.

## **BACKGROUND**

This lawsuit stems from an attempt by Ambac to opportunistically declare Fort Lee Communities to be in breach of contract. Ambac seeks the extraordinary remedy of specific performance where the very breach at issue is a result of Ambac's own failure to maintain its credit rating. Ambac's failure to maintain its credit rating (putting the development budgets at on-base military housing developments such as Fort Lee Communities at risk) is compounded by Ambac's vexatious litigation strategy, which includes bringing suit in a court that Ambac knows does not have subject matter jurisdiction.[1] This is undoubtedly because Ambac, in addition to seeking specific performance, seeks to have Fort Lee Communities foot the bill for Ambac's pursuit of this meritless litigation.

In 2007, Fort Lee Communities was awarded the opportunity to rehabilitate, construct and manage the on-base housing for soldiers and military families at Fort Lee in Prince George County, Virginia, pursuant to the Military Housing Privatization Initiative (MHPI) established by Congress in 1996. *See generally* National Defense Authorization Act for Fiscal Year 1996, 110

---

[1] Ambac filed a nearly identical action against Fort Meade Communities, LLC, the owner-entity of the military housing at Fort Meade, Maryland. On December 2, 2015, Fort Meade Communities, LLC filed a similar motion to dismiss for lack of subject matter jurisdiction. Counsel for both Fort Lee Communities and Fort Meade Communities, LLC has asked that Ambac withdraw its complaints filed in courts without jurisdiction. (Ex. 2, 12/16/2015 D. Welch Ltr. to A. Farr.)

Stat. 186 (1996), P.L. 104-106, § 2801 *et seq.* The goal of MHPI was to address twin concerns that had developed at military bases across the nation: (1) the then-poor condition of military-owned housing; and (2) a shortage of quality, affordable, on-base housing for military families. (Office of the Deputy Under Secretary of Defense Installations and Environment, Military Housing Privatization, http://www.acq.osd.mil/housing/faqs.htm (last visited Dec. 2, 2015).) The structure for the Fort Lee project involved the formation of an "owner-entity" (Fort Lee Communities) between a private construction, development and property management company (Hunt Companies, Inc.) and the United States Army. Fort Lee Communities leased the land from the United States Army for a period of 50 years, on which the housing for soldiers and their families was to be constructed and/or re-developed. In order to finance this public-private partnership without expending scarce public resources, Fort Lee Communities secured $126,348,000 in financing through a Loan Agreement with Capmark Capital Inc., in which bonds entitling the bondholder to a portion of the repayment of the principal and interest of the loan were issued. (Ex. 3, 8/31/2007 Loan Ag. at 1.)

As part of this transaction, Ambac provided bond insurance as a "credit enhancer" for Fort Lee Communities, which was to carry out the revitalization of the military housing at Fort Lee. (*See generally* Ex. 4, 8/31/2007 Financial Guaranty Insurance Ag.) In addition, Ambac issued a surety bond which guaranteed repayment of one year of premiums and interest owed pursuant to the Loan Agreement. (Ex. 5, 8/31/2007 Surety Bond.) Fort Lee Communities purchased this surety bond from Ambac in order to satisfy the "Reserve Account Contract" requirements of the loan Servicing Agreement entered into between Fort Lee Communities, Capmark Capital and a Grantor Trustee. (Ex. 6, 8/31/2007 Servicing and Lockbox Ag. at § 4.16(a) ("Servicing Agreement").) The Servicing Agreement requires that any surety bond

issued to satisfy the Reserve Account Contract must come from an issuer with a satisfactory credit rating. (*Id.*) At the time the surety bond was sold to Fort Lee Communities, Ambac had such a satisfactory credit rating. In addition, Ambac received certain rights to enforce provisions of the Servicing Agreement pursuant to a Grantor Trust Agreement entered into by the parties to the loan transaction. (Ex. 7, 8/31/2007 Grantor Trust Ag.)

In 2008, however, Ambac's financial condition deteriorated—not as a result of any action by Fort Lee Communities—but rather as a result of miscalculated investments and over-exposure to liability in the bond insurance market. As a result, its credit rating was downgraded multiple times. (Ex. 8, Press Release, Moody's Investor Service, "Moody's downgrades Ambac to Aa3; outlook is negative" (June 19, 2008); Ex. 9, Alistair Barr, *S&P downgrades Ambac again*, MarketWatch (Nov. 19, 2008 7:01 p.m. ET).) Ambac's financial situation deteriorated further, and, on March 24, 2010, Ambac entered into rehabilitation proceedings under which the Commissioner of Insurance for the State of Wisconsin took control over material portions of Ambac's assets and operations. (Ex. 10, 3/24/2010 Order for Rehabilitation.) Since November 2008, Ambac took no legal action to require enforcement of Fort Lee Communities' alleged obligation to cash fund or replace the surety bond, until the filing of this lawsuit.

Instead, years after Ambac's bad investments and poor financial condition caused its credit rating to be downgraded, it now seeks to enforce alleged stale "rights" under the Servicing Agreement to threaten the financial health of the Fort Lee project. To be clear, Fort Lee Communities has never missed a single loan payment, is currently operating at a surplus, and has done so for more than six years since Ambac's credit rating was downgraded, causing the surety bond Fort Lee Communities purchased to protect the project to become worthless.

While Ambac's claims are meritless, that remains an issue for another court, as this Court is without jurisdiction to hear this case. Ambac has sued a single defendant, Fort Lee Communities, a limited liability company. That limited liability company has three members: (1) Fort Lee Family Housing, LLC, a Delaware LLC, (2) FLIM LLC, and (3) the Secretary of the Army. (Ex 1, 11/9/2006 Fort Lee Communities, LLC Op. Ag. at § 4.01.)

The Army's membership interest is dispositive of the issue at hand because where a United States agency is a member of an LLC, there is not complete diversity and a federal court lacks subject matter jurisdiction. *Jackson*, 2008 WL 111235, at *2 ("[T]he United States Navy is not a citizen of any state for diversity purposes[.]"); *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993).

## ARGUMENT

"The burden of alleging facts sufficient to establish such subject-matter jurisdiction lies, of course, squarely with the plaintiff." *SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 688 (E.D. Va. 2011). "[A] party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009).

Ambac cannot meet its burden and consequently its Complaint must be dismissed. Fort Lee Communities has three members, two of which are themselves LLCs. Despite the clearly established pleading rules, Ambac fails to properly allege the citizenship of these members (and their constituent members); this failure to plead alone warrants dismissal of Ambac's Complaint. *See Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) ("To sufficiently allege the citizenships of these unincorporated business

5

entities, a party must list the citizenships of all the members of the limited liability company"); *Joy Family Ltd. P'ship v. United Fin. Banking Companies, Inc.*, No. CIV.A. ELH-12-3741, 2013 WL 4647321, at *15 (D. Md. Aug. 28, 2013) ("A party's mere allegation of diversity cannot satisfy its burden of establishing the district court's jurisdiction.") (citation omitted); *Hale v. M.J.J.K., LLC*, No. CIV.A. 12-1515, 2013 WL 6287823, at *1 (E.D. La. Dec. 4, 2013) (collecting cases). Because Ambac has failed to plead the citizenship of each of the Defendant's members, its complaint must be dismissed.

Had Ambac met its pleading obligations, it would have been clear on the face of its Complaint that this Court lacks subject matter jurisdiction. Under 28 U.S.C. Section 1332(a), federal courts have subject matter jurisdiction where there is complete diversity of citizenship between the parties and where the amount in controversy exceeds the statutory requirements. 28 U.S.C. § 1332(a). Courts determine the citizenship of a limited liability company by examining each of its members because an LLC "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." *Gen. Tech. Apps., Inc. v. Exro Ltda,* 388 F.3d 114, 121 (4th Cir. 2004); *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company [ ] is determined by the citizenship of all of its members [ ]."); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of its members."); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.,* 357

F.3d 827, 829 (8th Cir. 2004) (holding that "an LLC's citizenship is that of its members for diversity jurisdiction purposes").

Where, as here, any member of an LLC is not a citizen of any state, there is no diversity. For example, there will never be diversity where a state itself is a party to a lawsuit. *E. Sav. Bank v. Walker*, 775 F. Supp. 2d 565, 567 (E.D.N.Y. 2011) ("a State cannot be sued on diversity grounds because it is not a citizen of any State. There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."); *Hood v. AstraZeneca Pharm., LP*, 744 F. Supp. 2d 590, 597 (N.D. Miss. 2010) ("[I]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction"). The same is true when the member is an American citizen domiciled abroad. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 316 F.3d 731, 733 (7th Cir. 2003) ("One of [the partnership's] partners is a U.S. citizen domiciled in Canada; she has no state citizenship, so the diversity jurisdiction is unavailable."); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008) (same); 15 *Moore's Federal Practice* § 102.37 ("If a member of a partnership is a United States citizen permanently living abroad, there can be no diversity of jurisdiction because the member is neither a citizen of a state nor a citizen of a foreign country."). Likewise, the federal government, its instrumentalities, and its agencies are not citizens of any state, and their presence in a case destroys diversity jurisdiction. *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993) (dismissing case in which the Secret Service was a defendant because "it is well established . . . that the United States is not a citizen for diversity purposes"); *Hancock Financial Corp. v. Fed. Savings & L. Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974) ("[B]ecause the FSLIC is an agency and instrumentality of the federal government it is not a citizen of any particular state for diversity purposes.").

As applied to LLCs, courts have uniformly held that if an LLC has a member that is a citizen of "no state" there can be no diversity jurisdiction. *E.g., RES-GA Four LLC v. Avalon Builders of GA LLC*, No. 5:10-CV-463 MTT, 2012 WL 13544, at *3 (M.D. Ga. Jan. 4, 2012) ("district courts that have analyzed the issue of diversity jurisdiction have uniformly concluded that the FDIC's status as a member of a limited liability company. . . destroys diversity because the FDIC, for purposes of diversity analysis, is not a citizen of any state"). This is because complete diversity requires all parties to be citizens of different states, and that is not the case where one party is a citizen of "no state" at all. *RES-GA Creekside Manor, LLC v. Star Home Builders, Inc.*, No. 2:10-CV-207-RWS, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (*"Star Home Builders"*). In *Star Home Builders*, the court analyzed diversity jurisdiction as it applied to the plaintiff LLC which was ultimately owned, in part, by the FDIC, a federally chartered corporation. *Id.* at *3 (noting that because "federally chartered corporations are not citizens of any state for purposes of diversity of citizenship; the presence of a federally chartered corporation as a party to a suit thus destroys complete diversity."). The court explained that, even though the FDIC was not itself a party to the suit (just as the Army is not a party to this case), the government's membership in the LLC destroyed diversity jurisdiction:

> The FDIC is not a party in this case but, rather, a member of Plaintiff's member, Multibank LLC. Nonetheless, Plaintiff is a citizen of each state of which its members are citizens, and thus shares the citizenship of the FDIC. Because the FDIC is a citizen of no state, Plaintiff is also a citizen of no state, thus destroying Plaintiff's claim to complete diversity among the parties[.]

*Id.* Numerous other courts examining this issue in the context of "stateless" entities with membership interests in LLCs are in accord. *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21, 27 (1st Cir. 2000) ("An Indian tribe, however, is not considered to be a citizen of any state. Consequently, a tribe is analogous to a stateless person for jurisdictional purposes. It follows that, . . . the presence of an Indian tribe destroys complete

8


diversity."); *CTGW, LLC v. GSBS, PC*, No. 09-CV-667-BBC, 2010 WL 2739963, at *3 (W.D. Wis. July 12, 2010) ("It makes no difference that the Indian tribe in this case is only a member of plaintiff CTGW, LLC, and not a named party. . . If one member of a limited liability company is "stateless," the limited liability company itself is stateless and jurisdiction cannot be premised on § 1332(a)"); *RES-NV APC, LLC v. Astoria Pearl Creek, LLC*, No. 2:11-CV-00381-LDG, 2011 WL 5374050, at *2 (D. Nev. Nov. 4, 2011) ("Accordingly, as RES–NV APC has among its citizenships the citizenship of no particular State, this Court lacks original jurisdiction under § 1332(a) over this action."); *CML-NV Two, LLC v. DGRE, LLC*, No. 2:11-CV-00318-RLH, 2012 WL 234440, at *1 (D. Nev. Jan. 24, 2012) ("[T]he Court may not exercise diversity jurisdiction over the FDIC, and may not exercise diversity jurisdiction over LLCs of which the FDIC is a member.").

Thus, because the Army is a member in Fort Lee Communities, and because the Army is a citizen of "no state," this Court lacks diversity jurisdiction, and this case must be dismissed. *Jackson*, 2008 WL 111235, at *2 (N.D. Cal. Jan. 9, 2008) ("[T]he United States Navy is not a citizen of any state for diversity purposes[.]"); *Jizmerjian*, 457 F. Supp. at 822 (finding no diversity jurisdiction in claim against the Air Force); 10 U.S.C. § 3011 ("The Department of the Army is separately organized under the Secretary of the Army. It operates under the authority, direction, and control of the Secretary of Defense.").

Even if all other members are citizens of diverse states, the presence of a single "citizen of no state" defeats the availability of federal jurisdiction. *Swiger*, 540 F.3d at 181 (rejecting argument that "a single partner who is not a citizen of a state does not render the entire partnership stateless for diversity purposes"); *ERC Properties, Inc. v. Centerline Corp. Partners IV LP*, No. 2:15-CV-02117, 2015 WL 4528772, at *2 (W.D. Ark. July 27, 2015) (citation

omitted) ("If even one of [a party's] members is another unincorporated association, and if that association has one member or partner that is either a stateless person or an entity treated like a stateless person, [the Court] would not have jurisdiction over [the] matter.").

Ambac cannot escape this fact through artful pleading, as it has attempted here, by suggesting the Court look only at the members of Fort Lee Communities "that are individuals and/or corporations" while ignoring the 49% interest held by the Army. (*See* Compl. at ¶ 11 ("Upon information and belief, the direct and/or indirect members of Fort Lee Communities that are individuals and/or corporations are citizens of the states of Delaware, Texas, Nevada, Washington and/or Pennsylvania and are not citizens of New York or Wisconsin.").) Indeed, the Supreme Court has explicitly stated that courts may not look at anything less than the citizenship of *every member* of an unincorporated entity. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members'[.]") (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Ambac's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because there is a lack of subject matter jurisdiction under 28 U.S.C. § 1332(a), and Ambac asserts no other basis for this Court to determine the parties' rights and responsibilities at issue in this litigation.


DATED: December 22, 2015    Respectfully submitted,

KIRKLAND & ELLIS LLP

<u>/s/     H. Boyd Greene IV</u>

H. Boyd Greene IV (Fed. Bar. No. 72986)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Jeffrey L. Willian, P.C. (*pro hac vice* application forthcoming)
Donna M. Welch, P.C. (*pro hac vice* application forthcoming)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on December 22, 2015, a copy of the foregoing document is being electronically filed with the Clerk of the United States District Court for the Eastern District of Virginia by using the CM/ECF system, which will send notice of such filing to all counsel of record.

DATED: December 22, 2015     Respectfully submitted,

              KIRKLAND & ELLIS LLP

              */s/  H. Boyd Greene IV*

              H. Boyd Greene IV (Fed. Bar. No. 72986)
              KIRKLAND & ELLIS LLP
              655 Fifteenth Street, N.W.
              Washington, D.C. 20005
              Telephone: (202) 879-5000
              Facsimile: (202) 879-5200

              Jeffrey L. Willian, P.C. (*pro hac vice* application forthcoming)
              Donna M. Welch, P.C. (*pro hac vice* application forthcoming)
              KIRKLAND & ELLIS LLP
              300 North LaSalle
              Chicago, IL 60654
              Telephone: (312) 862-2000
              Facsimile: (312) 862-2200